UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL S. FREEMAN II,

          Plaintiff,

v.

SCOTT S. HARRIS, *et al.*,

          Defendants.

Case No. 1:24-cv-3519 (JMC)

**MEMORANDUM OPINION**

This case has its origins in an earlier one against the defense contractor Raytheon. Michael Freeman was fired after he refused to abide by that company's vaccine policy during the COVID-19 pandemic. ECF 13 ¶ 29.[1] Freeman then sued Raytheon in the District of Colorado. *Id.* ¶ 31. The court granted Raytheon's motion to dismiss and denied Freeman's motion for summary judgment. *Id.* ¶ 36; *see Freeman v. Raytheon Technologies Corp.*, No. 1:22-cv-1161, 2023 WL 3086032 (D. Colo. Mar. 24, 2023). Freeman appealed that decision, and the Tenth Circuit affirmed. ECF 13 ¶ 37; *see Freeman v. Raytheon Technologies Corp.*, No. 23-1133, 2024 WL 1928463 (10th Cir. May 2, 2024). After the Tenth Circuit denied his petition for rehearing en banc, Freeman attempted to file a petition for a writ of certiorari at the Supreme Court. ECF 13 ¶ 38. The clerk at the Court "rejected" Freeman's filing and notified Freeman of "corrections" that needed to be made "prior to acceptance of the [p]etition." *Id.* ¶ 39. Freeman then "made numerous" further "attempts" to

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

have his petition docketed but was repeatedly notified by the clerk that his filing did not comply with the Court's rules. *Id.* ¶¶ 5, 40, 43–47.

Having failed to get his petition on the docket, Freeman filed this lawsuit against the Clerk of the United States Supreme Court and his deputies, all nine Justices, the "Jane and/or John Doe(s) in their Canis Femina (Official) Capacities as Justice of the Supreme Court," the Director of the Administrative Office of the United States Courts, and the Attorney General. ECF 13 at 1–2. Freeman asked this Court to, among other things, order the clerk to docket his "Motion Requesting Acceptance of Petition for Certiorari Despite Minor Deficiencies in its entirety to Supreme Court Justice Ketanji [Brown] Jackson," enter an order finding that the Attorney General's "policy of refusing to investigate civil rights abuses occurring within the Supreme Court's clerical operations is in violation of the President's position, DOJ's mission, and the Constitution," order "nine stripes of flogging against the Deep State Defendants," and award monetary relief. ECF 13 at 55–57. The Defendants moved to dismiss the complaint, pointing to a slew of issues—some jurisdictional—with Freeman's claims. *See* ECF 14. The Court agrees with the Defendants that it lacks jurisdiction over many of the claims and that it cannot grant relief for those which remain and therefore **GRANTS** the motion to dismiss.

Beginning with jurisdiction: The Court lacks jurisdiction over Freeman's claims against the Justices, the clerk, and the deputy clerks. The claims against those Defendants in the first count boil down to Freeman's complaint that, in applying the Supreme Court's rules, the clerk's office has "unlawfully and unconstitutionally blocked" Freeman from filing his petition for certiorari. ECF 13 ¶ 147. This Court, however, does not have "jurisdiction" to "supervis[e]" the clerk's administration of those rules. *In re Marin*, 956 F.2d 339, 340 (1992). That power belongs "exclusive[ly] to the Supreme Court." *Id.*

The Court similarly lacks authority to award monetary damages against these judicial defendants. Judges and clerks alike "are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Rowland v. U.S. Sup. Ct.*, No. 14-cv-0031, 2014 WL 1303714, at *1 (D.D.C. Apr. 1, 2014) (applying same rule in suit "complain[ing] about the Supreme Court's treatment of" plaintiff's case). In his opposition to the motion to dismiss, Freeman argues that the Federal Tort Claims Act "stands as a … waiver of sovereign immunity for this suit," ECF 17 at 11, but the "United States of America is the only proper defendant in a suit under the FTCA." *Randhawa v. Dep't of Homeland Sec.*, No. 20-cv-3200, 2022 WL 823067, at *1 (D.D.C. Mar. 19, 2022).

Same goes for Freeman's claim against the Justices in the second count of his complaint, where he asks for a declaratory judgment describing the Justices with a derogatory term. *See* ECF 13 ¶¶ 158–66. The Declaratory Judgment Act "does not provide a waiver of sovereign immunity." *Martin v. United States*, No. 23-cv-2758, 2025 WL 304797, at *7 (D.D.C. Jan. 27, 2025). Freeman suggests that the Administrative Procedure Act's waiver of sovereign immunity applies to this claim. *See* ECF 17 at 19. That waiver, however, only applies to claims against "an agency or an officer or employee thereof," and "the courts of the United States" are excluded from the Act's definition of an "agency." 5 U.S.C. §§ 701(b)(1)(B), 702. Neither law, then, waives the Justices' sovereign immunity for this claim.[2]

As for Freeman's claim against the Director of the Administrative Office of the United States Courts, the Court has jurisdiction over that claim insofar as it seeks prospective relief. "The

---

[2] The *Ex parte Young* doctrine does waive sovereign immunity for claims for prospective relief alleging "violations of federal law by federal officials." *Doe v. Admin. Off. of U.S. Cts.*, No. 25-cv-701, 2025 WL 1134961, at *4 (D.D.C. Apr. 15, 2025) (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015)). This doctrine may not apply to the Justices. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). But regardless, nowhere in this claim does Freeman allege the Justices are violating federal law. Instead, he argues the Justices have acted consistently with a derogatory term as that term is defined on Urban Dictionary. *See* ECF 13 ¶¶ 121–26, 158–66.

*Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their official capacities—notwithstanding the sovereign immunity possessed by the government itself." *Vann v. U.S. Dep't of the Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012) (Kavanaugh, J.). Freeman is suing the Director in his official capacity alleging he deprived Freeman of his First Amendment right to petition the government. *See* ECF 13 ¶¶ 153–54. While that avoids the sovereign immunity bar to suit, those allegations nevertheless fail to state a claim on the merits. As the Defendants explain, the "Administrative Office does not have the authority to supervise the" Supreme Court clerk's office's "performance of [its] duties." ECF 14 at 17–18. The Administrative Office is not responsible for "[m]aintaining court records and dockets," and much like this Court it has no ability to oversee the Supreme Court's implementation of its filing rules.³

       That leaves only Freeman's claim against the Attorney General. Freeman filed several complaints with the Department of Justice about his experience trying to file the cert petition. ECF 13 ¶¶ 49, 56. Freeman alleges that the Department's "[r]efus[al] to investigate clerical corruption" at the Court in light of those complaints was unlawful. *Id.* ¶ 170. "An agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). That rule applies with no less force to the "Department of Justice or its employees'" decision of whether to "investigate the allegations in [a] civil-rights complaint" of the kind Freeman filed. *Patterson v. Harris*, No. 21-cv-3339, 2023 WL 346096, at *9 (D.D.C. Jan. 20, 2023); *see* ECF 13 ¶ 49 (describing complaint filed with Civil Rights Division). Although the Court "has jurisdiction" to hear this claim, then, it must be dismissed because the challenged action

---

³ United States Courts, *Judicial Administration* (last accessed Oct. 29, 2025), https://perma.cc/UUS3-BAZ9.

is "committed to agency discretion by law." *Oryszak v. Sullivan*, 576 F.3d 522, 525–26 (D.C. Cir. 2009).

The Court sympathizes with Freeman's frustration about the difficulties of filing his petition for certiorari. Filing rules are often technical, and the Supreme Court's are certainly no exception. But the Court has no authority to address nearly all of Freeman's claims, and those claims over which it has jurisdiction fail. The Court therefore **GRANTS** the motion to dismiss and dismisses the complaint without prejudice. A separate order consistent with this opinion will issue.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: November 4, 2025